**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEWTON AC/DC FUND, L.P., SCALLION TRADING LTD, and STANTON STREET CAPITAL PARTNERS, INC., individually and on behalf of all other similarly situated plaintiffs,<br><br>Plaintiffs,<br><br>v.<br><br>CIRCLE INTERNET GROUP, INC., and CIRCLE INTERNET FINANCIAL, LLC,<br><br>Defendants. | No. 25-cv-8838 |

**NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendants Circle Internet Group, Inc. ("CIGI") and Circle Internet Financial, LLC ("Circle LLC") hereby remove this matter to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists, there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

In support of this removal, Defendants state the following:

**Summary of Complaints**

1. On July 14, 2025, Plaintiff Newton AC/DC Fund, L.P. (the "Fund") filed a Complaint in the Supreme Court of the State of New York, County of New York, Index No. 654157/2025, entitled *Newton AC/DC Fund, L.P. v. Circle Internet Financial, LLC*. True and

correct copies of the Fund's Summons and Complaint are attached to this Notice of Removal as **Exhibit A**.

2. In the Complaint, the Fund, domiciled in Delaware, Florida, and Massachusetts, asserted state-law claims for declaratory judgment and constructive trust against Circle LLC, incorporated in Delaware with its principal place of business in Massachusetts. Compl. ¶¶ 3-4, 36-42. Circle LLC is domiciled in Delaware and New York, the states of citizenship of its members. The Complaint did not bring any claims arising under the Constitution, laws, or treaties of the United States.

3. On October 14, 2025, the Fund, joined by Plaintiffs Scallion Trading Ltd. ("Scallion") and Stanton Street Capital Partners, Inc. ("Stanton Street"), on behalf of themselves and all other similarly situated Plaintiffs, filed an Amended Complaint against Circle LLC and adding CIGI, domiciled in Delaware and New York, as a Defendant. A true and correct copy of the Summons and Amended Complaint are attached to this Notice of Removal as **Exhibit B**.

4. The Amended Complaint defines the class as "all people and entities who currently hold multiUSDC tokens. There are hundreds of people and entities, including people and entities in New York, within this Class definition, and over 270,000 cryptocurrency wallets that hold multiUSDC tokens." Am. Compl. ¶ 8.

5. The Amended Complaint seeks declaratory relief and a constructive trust in the amount of $63,289,029. *Id.* ¶¶ 3-4, 61-68.

**Removal Jurisdiction Under the Class Action Fairness Act ("CAFA")**

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d). Under § 1332(d), federal courts have original diversity jurisdiction over a class action wherever: (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant," 28

U.S.C. § 1332(d)(2)(A); (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2); and (3) "the number of all members of all proposed plaintiff classes in the aggregate is" more than 100. 28 U.S.C. § 1332(d)(2), (5)(B).

7. Under CAFA, the minimal diversity requirement is satisfied when: (1) at least one plaintiff is a citizen of a state in which none of the defendants are citizens; (2) at least one plaintiff is a citizen of a foreign state, and one defendant is a U.S. citizen; or (3) at least one plaintiff is a U.S. citizen, and one defendant is a citizen of a foreign state. See 28 U.S.C. § 1332(d)(2). This requirement is met several times over. Here, Stanton Street is a corporation organized under the laws of Wyoming whose principal place of business is in North Carolina. Am. Compl. ¶ 7. Neither Defendant is a resident of either Wyoming or North Carolina. Scallion is a citizen of England and Wales, whereas both Defendants are U.S. citizens. Finally, Defendants are informed and believe, and on that basis allege, that a substantial number of the putative class of hundreds of multiUSDC holders identified in the Amended Complaint are citizens of states other than Delaware, New York, and Massachusetts.

8. The Amended Complaint alleges that the putative class consists of hundreds multiUSDC holders, and that the amount in controversy exceeds $63 million, satisfying CAFA's numerosity and amount in controversy requirements. 28 U.S.C. §§ 1332(d)(d), (d)(5)(B).

**Timeliness of Removal and Venue**

9. Where "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

10. The case as stated in the Complaint was not removable as there was no diversity between the Defendant and the Fund, both domiciliaries of Delaware and Massachusetts and it did not assert claims brought under federal law. The Amended Complaint is the first pleading from which it may have been ascertained that the case had become removeable.

11. This Notice is being filed with this Court before the thirtieth day after Defendants received a copy of a summons of the Amended Complaint.

12. This Court is the proper district court for removal because the State Court Action is pending within this district.

13. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in the State Court Action is attached hereto as **Exhibit C.**

14. Promptly after the filing of this Notice of Removal, Defendants shall provide notice of the removal to Plaintiffs through their attorney of record in the State Court Action, and shall file a copy of this Notice with the clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

Dated: New York, New York
October 24, 2025

JONES DAY

By: */s/ Harold K. Gordon*

Harold K. Gordon
hkgordon@jonesday.com
Alexander J. Wilson
alexanderwilson@jonesday.com
250 Vesey Street
New York, NY 10281.1047
Telephone: +1.212.326.3740
Facsimile: +1.212.755.7306
*Attorneys for Defendants*
*Circle Internet Group, Inc., and*
*Circle Internet Financial, LLC*