JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

DIRECT NUMBER: +1.212.326.8390
ALEXANDERWILSON@JONESDAY.COM

November 4, 2026

VIA EMAIL AND CM/ECF

Honorable Andrew L. Carter, Jr.
United States District Court, SDNY
40 Foley Square
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re: *Newton AC/DC Fund L.P., et al. v. Circle Internet Group, Inc., et al.*, No. 1:25-cv-8838

Dear Judge Carter:

Pursuant to Rule 2.A of Your Honor's Individual Practices, Defendants Circle Internet Group, Inc. ("CIG") and Circle Internet Financial, LLC ("Circle," and together with CIG, "Defendants") request a pre-motion conference regarding their anticipated motion to dismiss Plaintiffs' Amended Complaint.

## I. Background

Plaintiffs Newton AC/DC Fund, L.P. ("Newton"), Scallion Trading Ltd., and Stanton Street Capital Partners, Inc. purport to represent a class of holders of "multiUSDC," a "wrapped" token issued by non-party Multichain Foundation Ltd. Am. Compl. ¶¶ 1, 8, 35, 51. Circle issues USDC, a stablecoin it redeems 1:1 for U.S. dollars for its registered clients. *Id.* ¶ 22. In July 2023, unidentified hackers stole 63,289,029 USDC from Multichain's liquidity pools—not from Plaintiffs or Defendants—which Plaintiffs allege rendered the multiUSDC "effectively worthless." *Id.* ¶¶ 37–39. Plaintiffs do not allege that Defendants had any role in the hack or any relationship with Multichain. Nevertheless, they seek (1) a declaration that multiUSDC holders beneficially own ~$63 million of U.S. dollar-denominated assets held by Defendants to back the value of USDC, and (2) a $63,289,029 judgment on a constructive trust theory. *Id.* ¶¶ 61–68. Plaintiffs' Amended Complaint is fatally flawed as a matter of law and should be dismissed.

## II. Plaintiffs' Declaratory Judgment Claim Fails

Federal courts "refrain[] from exercising jurisdiction over a declaratory action when the issue would necessarily be determined through separate claims." *Parts Auth., LLC v. Beyda*, No. 23-CV-07656 (NCM) (VMS), 2024 WL 3553447, at *4 (E.D.N.Y. July 26, 2024). This includes, as here, where a declaratory judgment claim is duplicative of another claim in the same action. *Lim v. Radish Media Inc.*, No. 22-1610, 2023 WL 2440160, at *2 (2d Cir. Mar. 10, 2023). Plaintiffs

seek a declaration of ownership of a sum of money while separately demanding a judgment for that same sum, warranting dismissal as a matter of law.

In addition, the Amended Complaint's own allegations refute the required beneficial ownership by Plaintiffs. Plaintiffs' theory requires two unsupported leaps: that holding "the rights to acquire" an amount of USDC through ownership of multiUSDC is equivalent to being the owner of particular USDC, and that ownership of USDC confers ownership of other assets held by Defendants based on Defendants' supposed obligation to redeem USDC for U.S. dollars. Am. Compl. ¶ 62. Neither step is plausibly pleaded.

First, the stolen USDC was taken from Multichain's pools, and Plaintiffs do not allege that they ever owned, possessed, or transferred it. *Id.* ¶¶ 37–38. The alleged promise by a non-party to exchange multiUSDC for USDC in the future does not plausibly allege conveyance of ownership in any particular USDC. *Id.* ¶¶ 17–20.

Second, as set out in Circle's USDC Terms, which the Amended Complaint incorporates by reference, USDC "only represents your right to redeem USDC for an equivalent amount of USD through your account with Circle," USDC Terms § 2, and that redemption commitment runs only "to its registered clients" for USDC they actually redeem (i.e., surrender to Circle). Am. Compl. ¶ 22.[1] Ownership of USDC therefore does not convey ownership of other U.S. dollar-denominated assets held by Circle.

## III. Plaintiffs' Constructive Trust Claim Fails

New York law requires four elements to prove a constructive trust: (1) a confidential or fiduciary relationship; (2) a promise; (3) a transfer made in reliance on that promise; and (4) unjust enrichment. *In re Ades & Berg Grp. Inv'rs*, 550 F.3d 240, 245 (2d Cir. 2008). Plaintiffs must also "trace [their] own property into a product in the hands of" the purported trustee. *In re Enf't of*

---

[1] One of the three Plaintiffs opened a Circle Mint account months after the Multichain hack; the other two do not allege they are Circle clients. *See* Am. Compl. ¶ 45. Insofar as any Plaintiff's status as a Circle client is relevant, those Plaintiffs are subject to unique claims and defenses, including a class action waiver and mandatory arbitration agreements, precluding class certification. *Steginsky v. Xcelera Inc.*, 658 Fed. Appx. 5 (2d Cir. 2016). Circle reserves the right to enforce these agreements at the appropriate time. *See Collins v. Pearson Educ., Inc.*, 721 F. Supp. 3d 274 (S.D.N.Y. 2024) (where certain class members subject to class action waiver agreement, issue properly raised at class certification stage); *Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 234 (S.D.N.Y. 2020) (same as to arbitration agreements). Class certification is also inappropriate in this case given that certain Plaintiffs, as a Newton principal testified in the related SDNY bankruptcy proceedings, purchased their multiUSDC after the Multichain hack at a steep discount, presumably for the purpose of bringing this litigation, raising additional unique claims and defenses.

*Philippine Forfeiture J. Against All Assets of Arelma, S.A.*, 153 F.4th 142, 166 (2d Cir. 2025). The Amended Complaint pleads none of these elements:

- No fiduciary relationship: Plaintiffs allege no relationship of "higher trust" with Defendants, and courts "should not ordinarily transport [parties] to the higher realm" of a fiduciary relationship. *Oddo Asset Mgmt. v. Barclays Bank PLC*, 19 N.Y.3d 584, 593 (2012).

- No promise or reliant transfer: Plaintiffs identify no promise by Defendants to multiUSDC holders and no transfer by Plaintiffs to Defendants in reliance on any promise. *Van Brunt v. Rauschenberg*, 799 F. Supp. 1467, 1474 (S.D.N.Y. 1992).

- No unjust enrichment of Defendants: Plaintiffs allege that the hackers "engaged in a wrongful act" and would be enriched (Am. Compl. ¶¶ 65–67), but allege no wrongful act by Circle. Plaintiffs' alternative theory, that Circle is enriched by being "relieved of the obligation to pay" for blacklisted USDC (*id.* ¶ 68), describes compliance with a federal seizure warrant—hardly unjust—not a benefit conferred by Plaintiffs. *Golock Capital, LLC v. VNUE, Inc.*, No. 21CV8103 (DLC), 2023 WL 1993432, at *3 (S.D.N.Y. Feb. 14, 2023).

- No tracing: Plaintiffs seek a general money judgment untethered to any identifiable property of which they were deprived. *Arelma, S.A.*, 153 F.4th at 166.

## IV. Discovery Should Be Stayed Pending Defendants' Motion to Dismiss

Courts evaluating whether to stay discovery pending a motion to dismiss consider (1) the breadth of discovery, (2) any prejudice that would result, and (3) the strength of the motion. *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). A stay is appropriate where, as here, the motion presents pure questions of law dispositive of the entire action. *Sharma v. Open Door NY Home Care Svcs., Inc.*, 345 F.R.D. 565, 568–69 (E.D.N.Y. 2024).

Each factor favors a stay here. *First*, Defendants' intended motion presents pure questions of law that would dispose of the entire action. The Amended Complaint contains virtually no factual allegations concerning Circle—it does not allege that Defendants played any role in the hack or had any relationship with Multichain—and the motion turns solely on whether Plaintiffs' allegations state a claim for declaratory relief or a constructive trust as a matter of law. *Second*, no party would be prejudiced. This case is at its inception, no scheduling order has been entered, and a brief pause in discovery while the Court resolves a threshold motion would cause Plaintiffs no cognizable harm. *Third*, class-wide discovery into the holdings, transactions, and account relationships of unidentified token holders would impose substantial and potentially needless costs

on all parties, especially before the Court determines whether either of Plaintiffs' claims survives and should proceed to class or other discovery.

*                    *                    *

Defendants respectfully request a pre-motion conference or, alternatively, that the Court set a briefing schedule for Defendants' motion to dismiss.

Respectfully submitted,

*/s/ Alexander J. Wilson*

Alexander J. Wilson

cc: Counsel of Record (via ECF)